## THE COLUMBIA.

(Circuit Court of Appeals, Second Circuit. March 1, 1899.)

No. 77.

COLLISION BETWEEN STEAMBOATS.

The right of a ferryboat to an unobstructed ingress and egress to and from her slip does not absolve her from observing the rules of navigation when out in the river, and free to maneuver.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District court, Southern district of New York (92 Fed. 936), holding both vessels in fault for a collision between the steam ferryboat Columbia and the steam propeller Eagle in the East river, near the Grand Street Ferry slip on the New York side. The Eagle was condemned for keeping too close to the docks, and for dim lights; the Columbia for inattentive lookout, for not heeding the signal of one whistle given by the propeller, and for not reversing soon enough. The Eagle did not appeal.

Le Roy S. Gove, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The various issues of fact appear to have been most vigorously disputed upon the testimony of many witnesses who were examined in the presence of the district judge; and we do not find sufficient ground for rejecting his finding of fact, that the ferryboat gave a signal of two whistles when at least one-third of the way across from the New York shore, to which the propeller immediately answered with one, and that thereafter the ferryboat navigated in disregard of the propeller's signal, and persisted in the effort to cross her bows, although she (the Columbia) had the Eagle on her starboard hand. The claimant relies upon the numerous decisions sustaining the right of a ferryboat to an unobstructed ingress and egress to and from her slip. For obstructing such ingress the Eagle was condemned; but we concur with the district judge in the conclusion that these authorities do not absolve ferryboats from observing the rules of navigation when they are out in the river, and free to maneuver. However improper it may have been for the Eagle to get between the Columbia and her slip, the latter saw she was there, while she herself was yet at a safe distance (indeed, the district judge finds that, if her lookout had been attentive, she would have discovered this even sooner), and was advised by the Eagle's signal that she meant to stay there. Under these circumstances, we must concur with the district judge that it was improper navigation for the Columbia to keep on without reversing until she was in the very jaws of collision. The decree of the district court is affirmed, with interest and costs.